CARL S. FOSTER, Receiver, Appellee, v. ELBERT A. READ, Appellant, et al., Appellees.

No. 40873.

JUNE 20, 1931.

Keenan, Barnes & Clovis, for appellant.

Ferguson & Ferguson, for plaintiff-appellee.

DE GRAFF, J.—The answer consists in an admission of the indebtedness sued for and a cross petition. The cross petition is in four counts. The first alleges that defendant and Dunnegan owned a building jointly, the rentals from which were kept in the First National Bank of Shenandoah, "in an account entitled Delmonico Hotel, account Dunnegan & Read, and that all disbursements for repairs in connection with said hotel were paid from said account; that at the time of the closing of said bank, to wit, on May 13, 1926, there was a balance on hand in said account of $370.73; that one-half thereof, or $185.36 is the property of this defendant, Elbert A. Read; that the said J. J. Dunnegan should be brought in as a party defendant herein and the rights of this defendant in this fund be established as above set out and that the amount due this defendant, to wit, $185.36 should be set off against the claim of plaintiff as set out in his petition." The second count is in substance the same except that it has reference to other property alleged to be owned by defendant and Dunnegan, the proceeds from which were kept in an account "entitled Dunnegan and Read." The third count alleges that defendant and Henry Read were at one time interested jointly in a farm, the account from which was carried in the First National Bank of Shenandoah, under the name of "Riverton Farm account." The remaining allegations are, in substance, the same as in the first count substituting the name of Henry Read for Dunnegan. The fourth count in like manner sets up ownership between defendant and Walter L. Wilson of property in South Dakota, alleges that defendant for his own convenience in handling the South Dakota property opened an account in the First National Bank of Shenandoah in the name of Wilson and Read; that no partnership money was deposited in it but all money deposited therein was the individual money of defendant. Defendant asks that Wilson be brought in as a party defendant and "the rights of said parties to said money adjudicated." The remaining count alleges in substance that Gardner, the owner of an undivided three-sevenths interest in a tract of land executed to T. H. Read a mortgage for $8,000 which came into the hands of defendant; that thereafter in a suit for the partition of the land defendant was named as referee and at the time of the closing of the First National Bank of Shenandoah had in his account as referee $4590.06, of which

three-sevenths, subject to the mortgage, was the share of Gardner; that at the time of his final report defendant was under the impression that the mortgage belonged to T. H. Read and so reported; that the share of Gardner should be applied on the mortgage; that T. H. Read and Gardner should be brought in as defendants and the rights to the three-sevenths interest adjudicated and defendant's interest allowed and set off against plaintiff's claim. Demurrer to these counts was overruled. The asked for new parties have not been brought in. Defendant moved to transfer the issues to equity, alleging that in the counts referred to he states matters cognizable in equity constituting a setoff in defense *pro tanto* and that the issues arising on these counts should be transferred to equity and first determined prior to submission to a jury.

Defendant argues that because demurrer was filed to the several counts of the cross petition and overruled and no appeal taken they must be held for the purposes of the present motion to settle the validity of the causes of action therein set up; that such causes of action must be tried, that they are such as only equity can determine, and that the motion to transfer the issues arising upon them should therefore have been granted. Apparently more specific statement was not asked for. It will be noticed, however, that in each of the counts it is alleged in substance that one-half of all or three sevenths of the respective deposit accounts is the property of the defendant and it may be that the District Court was of the opinion that under such allegations the plaintiff might at law show if he could that he was the owner. We pass the question whether under the facts in this case plaintiff might be required to split the dividends declared on the deposit accounts. See 1 C. J. 1110. On the face of the deposit accounts they were not owing to defendant individually. He was not entitled to use them in payment of his personal debts. His interest, if any, was not in the deposits as such but in the amounts that might be ultimately found due him on general settlement or, in the case of his deposit as referee, on accounting with the court. We may not assume that the trial court held that the ultimate interest of one joint owner or partner in part or all of the common property or the amount that ultimately might be found in the hands of the referee in a partition suit as belonging to the referee might in a simple suit at

law in which defendant's co-owners or the parties interested in the partition suit had no concern, be pleaded as an offset, or that the plaintiff's admitted right to judgment must be held in suspense to enable defendant to bring into the action all of the various parties interested in various alleged causes of action against them, to take accounts against them and to have their rights as between them and plaintiff (strangers to each other) adjusted. The cross-petition does not set up a counterclaim allowable under Section 11151, Code, 1927. The subject matter of the action is the notes. The alleged cross-petition does not show that "defendant has a cause of action affecting the subject matter of the action against a codefendant or a person not a party to the action," under Section 11155, which when such condition exists permits a cross-petition. The defendant's cross petition does not affect the subject matter of the action. On an accounting with his co-tenants or co-partners defendant would be entitled only to a decree for such sum as on the accounting of all of their respective joint transactions, if any, should be found to be owing to him. In the case in which he was referee no issuable facts which would entitle him to decree against T. H. Read and Gardner are alleged. The defendant does not here show a cause of action for accounting against Dunnegan, Henry Read, Wilson or the persons interested in the partition suit. See 47 C. J. 1198; 38 Cyc. 75 et seq.

Without elaborating it is manifest that defendant even though having and alleging causes of action against the various other parties named in his cross petition is not entitled to have the divers parties thereto and their multifarious interests brought into this one suit and have them tried or to postpone plaintiff's admitted right of recovery to the determination of involved matters of account between defendant and strangers to the cause of action sued upon—matters with which the plaintiff has not the slightest concern and in which even the parties sought to be brought in have no common interest.—Affirmed.

FAVILLE, C. J., and ALBERT, KINDIG, GRIMM, MORLING, and WAGNER, JJ., concur.